## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

WILLIAM HENDERSON, individually                                                            PLAINTIFF
and as next friend of John Doe, a minor, age two;
and John Doe, a minor, age ten months

v.                                          NO. 4:13CV00695 JLH

TEXAS DEPARTMENT OF FAMILY AND
PROTECTIVE SERVICES, et al.                                                                DEFENDANTS

## ORDER

William Henderson brings this action against a large number of defendants alleging that he, his daughter, and his daughter's minor children were subjected to racial discrimination in connection with action taken by various defendants relating to the children. His daughter, Breauna Henderson, and the children reside in Texarkana, Texas, and an action is pending there relating to custody of the children. William Henderson has also commenced an action in the Circuit Court of Pulaski County, Arkansas, seeking temporary guardianship of the children. Breauna Henderson also has commenced a separate action in this Court, *Breauna Henderson v. Texas Dept. of Family and Protective Servs., et al.*, Case No. 4:13CV00717-BSM. The complaint in that action makes substantially the same allegations as does the complaint in this action.

Several motions to dismiss have been filed. The threshold issue raised in the motions to dismiss is whether William Henderson has standing to assert the claims asserted in his complaint. Henderson alleges that the various defendants took adverse action regarding custody of the minor children, but those claims properly belong to the children and to Breauna Henderson, who is the mother and legal guardian of the children, not to William Henderson. William Henderson in effect has conceded that he has no right to custody of the children inasmuch as he has commenced an action

seeking temporary guardianship over the children. William Henderson cannot assert Breauna Henderson's rights, nor can he assert the rights of the minor children inasmuch as he is not their legal guardian.

Henderson would have standing to pursue a claim that action was taken against him by the defendants based on his race, but he has failed to allege such a claim as required by the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a)(2) does not require a complaint to contain detailed factual allegations, it does require a plaintiff to state the grounds of his entitlement to relief, which requires more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). In ruling on a motion to dismiss, the Court must accept as true all factual allegations in the complaint and review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). The Court need not, however, accept as true legal conclusions, even those stated as though they are factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009). A *pro se* complaint must be liberally construed, however inartfully pleaded, and held to less stringent standards than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007).

Here, liberally construing William Henderson's complaint, he fails to allege grounds of his entitlement to relief. He alleges no facts which, if proven, would tend to show that actions were

taken against him because of his race.  Rather, his allegations of racial discrimination are purely conclusory.

For these reasons, William Henderson's complaint is dismissed without prejudice.

IT IS SO ORDERED this 19th day of February, 2014.

*J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE